UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

JOSHUA VANDEGRIFT,

                Defendant.
_____

REPORT & RECOMMENDATION

18-CR-6044W

## PRELIMINARY STATEMENT

By Order of Hon. Elizabeth A. Wolford, United States District Judge, dated May 1, 2018, all pretrial matters in the above captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 38).

On May 8, 2018, the grand jury returned an eight-count superseding indictment against Joshua Vandegrift. (Docket # 42). Count One charges Vandegrift with enticement and attempted enticement of a minor in violation of 18 U.S.C. § 2422(b). (*Id.*). Counts Two, Six and Seven charge Vandegrift with production and attempted production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e). (*Id.*). Count Three charges Vandegrift with receipt and attempted receipt in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1). (*Id.*). Count Four charges Vandegrift with possession and attempted possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (*Id.*). Finally, Counts Five and Eight charge Vandegrift with transfer of obscene matter to a minor in violation of 18 U.S.C. § 1470. (*Id.*).

Currently pending before the Court for report and recommendation are Vandegrift's motions for dismissal of the indictment, disclosure of grand jury minutes, and

suppression of statements and tangible evidence.[1]  (Docket # 65-1 at ¶¶ 27-29, 34-35, 36-39, 44-47, 62).  As I stated on the record February 11, 2019, and for the reasons discussed below, I recommend that the district court deny Vandegrift's motions.

## REPORT & RECOMMENDATION

### I. Dismissal of the Indictment

I turn first to Vandegrift's motion to dismiss the indictment on two separate grounds.  First, Vandegrift maintains that the indictment should be dismissed on the grounds of insufficiency.  (*Id.* at ¶¶ 34-35).  Specifically, Vandegrift contends that the government may have elicited grand jury testimony from a confidential informant "who was operating under the threat of a criminal prosecution."  (*Id.*).  He further speculates that the witness' interest in avoiding prosecution by cooperating with the government may not have been disclosed to the grand jury.  (*Id.*).

There is a presumption that grand jury proceedings are lawful and regular, *United States v. Torres*, 901 F.2d 205, 232 (2d Cir.) (quoting *Hamling v. United States*, 418 U.S. 87, 139 n.23 (1974)), *cert. denied*, 498 U.S. 906 (1990), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010), and disclosure of grand jury proceedings is available only by order of the Court.  Fed. R. Crim. P. 6(e).  A party seeking disclosure bears the burden of establishing a "particularized need" or "compelling necessity" for such disclosure that outweighs the policy of grand jury secrecy.  *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211 (1979); *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959); *In re Rosahn*,

---

[1] Vandegrift's omnibus motions sought a variety of other relief.  (Docket # 65-1).  The other issues raised by Vandegrift's motion were decided by the undersigned or resolved by the parties in open court on February 11, 2019.  (Docket ## 72, 74).

671 F.2d 690, 695 (2d Cir. 1982).  Unspecified allegations of impropriety or mere speculation are not sufficient to satisfy this heavy burden.  *United States v. Calandra*, 414 U.S. 338, 345 (1974).  Therefore, "review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct."  *United States v. Torres*, 901 F.2d at 233.

Moreover, speculation that the grand jury was improperly instructed is insufficient to overcome the rule of secrecy in grand jury proceedings that is embodied in Fed. R. Crim. P. 6(e).  *See*, *e.g.*, *United States v. Donald*, 2009 WL 270181, *6 (W.D.N.Y.) (speculation about inadequacy of jury instructions insufficient to invade grand jury secrecy), *report and recommendation adopted by*, 2009 WL 960209 (W.D.N.Y. 2009), *aff'd*, 417 F. App'x 41 (2d Cir. 2011); *United States v. Jailall*, 2000 WL 1368055, *2 (S.D.N.Y. 2000) (rule of secrecy, which can only be overcome by a showing by the defendant that grounds exist to dismiss the indictment based upon matters that occurred in the grand jury, applies to legal instructions provided to the grand jury).  Vandegrift's motion is based solely upon speculation.  Speculation is no more a basis to overcome the presumption of grand jury secrecy than it is to justify dismissal of the indictment.  Accordingly, this Court recommends that the district court deny Vandegrift's motions to dismiss the indictment, as well as his motion for disclosure of grand jury minutes.

In a single paragraph, Vandegrift also seeks dismissal of the indictment on the grounds of double jeopardy, maintaining that "he was prosecuted in New York State Supreme Court before the Hon. Alexander R. Renzi in a matter that went to trial."  (Docket # 65-1 at ¶ 62).  Vandegrift has provided no other information regarding the state court prosecution, including, for example, the charges that he faced.  Given that absence of information, I provided Vandegrift an opportunity to supplement his motion by February 18, 2019, but he did not do so

and confirmed in court on March 15, 2019, that he does not believe he has a legal basis for the motion at this time.  Accordingly, given the absence of any facts in the record to justify the relief sought, I recommend that the district court deny Vandegrift's motion to dismiss the indictment on the grounds of double jeopardy.

## II.  Suppression of Statements and Evidence

Vandegrift seeks suppression of statements that he allegedly made to law enforcement on March 5, 2015.  (Docket ## 65-1 at ¶¶ 36-39; 70 at ¶¶ 6-7).  An evidentiary hearing is required where a defendant demonstrates a "sufficient definite, specific, detailed, and nonconjectural" issue of fact.  *United States v. Pena,* 961 F.2d 333, 339 (2d Cir.1992); *United States v. Richardson,* 2010 WL 5553995, *1 (W.D.N.Y. 2010) ("[i]n order to warrant a suppression hearing, the defendant must demonstrate a specific factual dispute that can be resolved by a hearing"; collecting cases), *report and recommendation adopted by*, 2011 WL 53476 (W.D.N.Y.2011).  An attorney's affidavit made without personal knowledge is insufficient to create an issue of fact requiring an evidentiary hearing.  *United States v. Gillette,* 383 F.2d 843, 848 (2d Cir.1967); *United States v. Ahmad,* 992 F. Supp. 682, 685 (S.D.N.Y.1998).  In the absence of a demonstrated issue of fact, "there is no basis for holding an evidentiary hearing or suppressing the evidence." *United States v. Ahmad,* 992 F. Supp. at 685; *see also United States v. Richardson,* 2010 WL 5553995 at *1 (recommending that the district court deny motion to suppress statements where no issue of fact existed).

Here, Vandegrift has submitted only an affidavit of his attorney, who does not have personal knowledge of the circumstances of his alleged statements.  (Docket # 70).  Thus, Vandegrift has not demonstrated the existence of any issue of fact warranting an evidentiary

4

hearing. Nor do his papers demonstrate that suppression is warranted as a matter of law. Accordingly, I recommend that the district court deny Vandegrift's motion to suppress statements.

Turning to Vandegrift's motion to suppress tangible evidence, I find that Vandegrift has failed to identify any basis in law or fact warranting suppression. Although Vandegrift's attorney has indicated that a search warrant was executed at a residence where Vandegrift was living (*id.*), the search warrant has not been provided to the Court, and the defendant has failed to identify any alleged deficiency in the warrant or its execution. During proceedings before this Court on February 5 and 11, 2019, the Court provided Vandegrift the opportunity to supplement his motion to suppress with an affidavit establishing standing, as well identifying the basis for his suppression motion. Vandegrift's attorney indicated that he does not intend to supplement the record further in support of the suppression motion. Accordingly, I recommend that the district court deny Vandegrift's motion to suppress tangible evidence.

## CONCLUSION

Further, for the reasons stated above, I recommend that the district court deny Vandegrift's motions to dismiss the indictment, to suppress evidence and statements, and to compel disclosure of grand jury minutes. **(Docket # 65)**.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
       March 15, 2019

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[2]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       March 15, 2019

---

[2] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).